James K. T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:   jhunter@pszjlaw.com

Attorneys for Debtor and Debtor-in-Possession,
Bridgemark Corporation

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:20-bk-10143-TA |
| BRIDGEMARK CORPORATION,[1] | Chapter 11 |
| Debtor and Debtor-in Possession. | Adv. Case No.: 8:20-ap-01011-TA |
| BRIDGEMARK CORPORATION, | **STATUS REPORT** |
| Plaintiff, | |
| vs. | **Status Conference:** |
| PLACENTIA DEVELOPMENT COMPANY, LLC, | Date:    February 10, 2021 |
| Defendant. | Time:    10:00 a.m. |
| | Place:   ZoomGov |

---

[1] The Debtor's last four digits of its taxpayer identification number are (1669).  The headquarters and service address for the above-captioned Debtor is 17671 Irvine Blvd., Suite 217, Tustin, CA  92780.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**

2  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND COUNSEL TO**

3  **PLACENTIA DEVELOPMENT COMPANY, LLC, AND OTHER PARTIES IN INTEREST:**

4  On January 14, 2020 (the "Petition Date"), Bridgemark Corporation (the "Debtor") filed a

5  voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to

6  operate its business and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and

7  1108 of the Bankruptcy Code. The United States Trustee has not appointed an official committee of

8  unsecured creditors.

9  **A.    PDC v. Bridgemark**

10  As the Court is aware, on December 31, 2019, the Superior Court for the State of California,

11  County of Orange entered a judgment in the amount of $42,517,202.59 (the "PDC Judgment")

12  against the Debtor and in favor of Placentia Development Company, LLC ("PDC") in *PDC v.*

13  *Bridgemark* (Case No. 30-2016-00888920-CU-CO-CJC) (the "PDC Litigation").  Shortly thereafter,

14  in an effort to collect the judgment, PDC recorded a judgment lien, sued a number of the Debtor's

15  customers (the "Customer Lawsuits"), and filed suit against the Debtor's president,  Robert Hall

16  ("Hall"), Mark Hall, Gregson Hall, Chad Hall, the Debtor's two wholly owned subsidiaries and

17  numerous affiliated entities (*PDC v. Robert James Hall, et al.* (Case No. 30-2020-01122328-CU-

18  EN-CJC) (the "Hall Lawsuit")).

19  **B.    In re Bridgemark Corporation**

20  On January 14, 2020 (the "Petition Date"), the Debtor commenced this chapter 11 case.  On

21  January 31, 2020, the Debtor filed its *Complaint for Avoidance and Recovery of Preferential*

22  *Transfer*, Case No. 8:20-AP-01011-TA, pursuant to which it seeks to avoid PDC's alleged judgment

23  liens as a preferential transfer pursuant to 11 U.S.C. §§ 547 and 551 and Bankruptcy Rule 7001 (the

24  "Preference Action").

25  On or about February 5, 2020, PDC filed its *Motion to Dismiss Chapter 11 Case Pursuant to*

26  *11 U.S.C. § 1112(b)* and *its Motion for Full Relief from the Automatic Stay Under 11 U.S.C. § 362*

27  (collectively, the "PDC Motions").  Pursuant to the PDC Motions, PDC sought a dismissal of

28  Bridgemark's chapter 11 case, or alternatively, the appointment of a chapter 11 trustee or the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

STATUS REPORT

conversion of the case to one under chapter 7 of the Bankruptcy Code.  At the initial hearing on the PDC Motions on February 26, 2020, the Bankruptcy Court indicated that unless the Debtor filed a confirmable plan of reorganization by April 29, 2020, it was inclined to dismiss the bankruptcy case or grant relief from the automatic stay.

Between the initial hearing on the PDC Motions (February 26, 2020) and the continued hearing date (April 29, 2020), COVID-19 became a pandemic, and the President declared a national emergency in response to the COVID-19 outbreak.  In less than a month, the governors of every state ordered citizens to shelter-in-place and closed non-essential businesses.  The U.S. oil industry, and, in particular, the California oil industry, was dramatically affected by the impact of COVID-19 on the California economy and the price war between Saudi Arabia and Russia which suddenly flooded the global market with crude oil. These global events caused an oil glut and resulted in some of the steepest drops in crude oil prices in the last forty years.  West Texas Intermediate Crude, which closed at $58.23 a barrel on the Petition Date, closed at about $20.00 a barrel on April 14, 2020 (the day prior to the execution of the Term Sheet, discussed below) and dropped to a record low of $-37.63 a barrel on April 20, 2020.  The dramatic decrease in the price of oil (and the resulting  impact on the value of the Debtor's assets) and the uncertainty of the continued demand for oil due to the COVID-19 crisis made it impossible for the Debtor to file a confirmable plan of reorganization prior to the continued hearing date on the PDC Motions set for April 29, 2020.

### C.    Settlement with PDC

It was against this backdrop that Bridgemark, PDC and Robert Hall began negotiating the terms of a settlement, and on or about April 15, 2020, the parties reached a conditional settlement of all issues among them, and executed a settlement term sheet (as amended the "Term Sheet").[2] The Term Sheet contemplated that PDC would conduct due diligence and determine if it wanted to acquire the Enterprise Value of all of the Debtor's assets in a Transaction, the structure of which PDC will determine.  Pending the consummation of the settlement, the PDC Motions, the Hall Litigation and the Preference Action were stayed by the agreement of the parties, as was PDC's

---

[2] Capitalized terms that are not defined herein have the meanings given to them in the Term Sheet.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

STATUS REPORT

objection to the *Amended Notice of Setting Insider Compensation* of the Debtor's COO, Kevin

Mugavero [Doc. No. 123] (the "Mugavero Objection").

On May 22, 2020, the parties entered into a *Stipulation Regarding Binding Effect of Term Sheet* [Docket No. 216], which was approved by an order entered on that same date [Docket No. 217]. On June 26, 2020, the Court entered an order approving the Term Sheet [Docket No. 240].

On August 10, 2020, the parties executed a letter agreement (the "Amendment") that amended the Term Sheet to, among other things, extend the period for PDC to provide Definitive Documentation related to a Transaction to February 9, 2021. A copy of the Amendment is attached as **Exhibit A**.

### D.    Current Status of PDC Settlement

Since the Debtor, Hall and PDC entered into the Term Sheet, the Debtor has continued to operate its business as debtor-in-possession and has cooperated with PDC in its efforts to conduct due diligence and effect a Transaction. The "Diligence Periods" under the Term Sheet expired on August 13, 2020, and PDC elected to consummate a Transaction.  PDC has not yet notified the Debtor of the intended structure of the Transaction or provided the documentation, which, as noted above, it has until February 9, 2021 to do.  Depending on the structure of the Transaction, the Debtor expects that it will take between 90-120 days beyond the Definitive Documentation date to finalize and obtain final bankruptcy court approval of the structure of the Transaction.

### E.    Current Status of the PDC Judgment

Post-petition, the Debtor obtained relief from stay to prosecute certain post-judgment motions and appeal from the PDC Judgment.  The Debtor filed its Notice of Appeal on May 26, 2020, and the appeal  is pending before the Fourth District Court of Appeal as Case No. G059088 (the "PDC Appeal").  On May 26, 2020, the Superior Court entered an order granting a new trial to the Debtor on damages unless PDC agreed to 2 things: (1) to deed a certain parcel of property to the Debtor (the "PDC Parcel") and (2) agree to a reduction in the punitive damages to $5.5 million. PDC elected to agree (although it has not as yet transferred title to the PDC Parcel to the Debtor) and the PDC Judgment was reduced to $38,017,202.59 (the "Modified PDC Judgment"). The Debtor appealed from the Modified PDC Judgment by filing a second Notice of Appeal on July 16, 2020.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    At the request of the parties, the PDC Appeal has been stayed through April 13, 2021 to facilitate the

2    consummation of the settlement.

3    **F.    Other Events in the Bankruptcy Case**

4    In addition to operating its business and assisting in the efforts to finalize a Transaction, the

5    Debtor has:

6    1.    Obtained orders approving the dismissal of the Customer Lawsuits pursuant to

7    stipulations [Dockets 224, 226, 247, 248].

8    2.    Assumed its unexpired leases of nonresidential real property [Docket No. 203].

9    3.    Obtained a bar date for filing proofs of claim and requests for payment of expenses of

10    administration.

11    4.    Filed all of its monthly operating reports; and

12    5.    Paid all fees owing to the Office of the United States Trustee.

13    **G.    Requested Disposition**

14    The Debtor expects to receive the Definitive Documentation from PDC on or about February

15    9, 2021 and that the parties will be able provide a more fulsome report to the Court at the Status

16    Conference.  As the Debtor expects the settlement to move forward, but that it will not be closed by

17    February 10, 2021, it anticipates asking the Court to continue the hearings on the PDC Motions, the

18    Mugavero Objection and all aspects of the Preference Action for another 90 to 120 days.

19    .

20    Dated:  February 2, 2021

                           PACHULSKI STANG ZIEHL & JONES LLP

21

22    By:    */s/ James K. T. Hunter*

23            James K. T. Hunter (CA Bar No. 73369)

24            Attorneys for Debtor and Debtor-in-
        Possession, Bridgemark Corporation

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the document entitled: **STATUS REPORT** was served in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **2/2/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/2/2021 | Nancy Lockwood | /s/ Nancy Lockwood |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:327517.1 10804/002

**F 9013-3.1.PROOF.SERVICE**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Erin E Gray**    egray@pszjlaw.com
- **James KT Hunter**    jhunter@pszjlaw.com
- **Samuel M Kidder**    skidder@ktbslaw.com
- **William N Lobel**    wlobel@tocounsel.com, jokeefe@pszjlaw.com
- **Robert J Pfister**    rpfister@ktbslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:327517.1 10804/002